UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**BRANDAN WEST,**
                **Petitioner**

v.                                                                                                   **19-CV-1353V(Sr)**

**R. COUENY,**
                **Respondent**

---

## DECISION AND ORDER

Petitioner has filed a *pro se* petition for writ of *habeas* corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction following a trial by jury of second degree criminal possession of a weapon in violation of New York Penal Law § 265.03(3), violated his constitutional rights in that his Sixth Amendment right to confrontation was violated when the prosecutor referenced a statement from a non-testifying witness that implicated petitioner in the crime and his Sixth Amendment right to effective assistance of counsel was violated when defense counsel failed to object to the prosecutor's reference to that statement during summation and failed to request a missing witness charge. Dkt. #1.

Respondent's memorandum of law argues that petitioner's confrontation clause claim is barred on independent and adequate state law grounds and also meritless, and petitioner's ineffective assistance of counsel claim is unexhausted, procedurally defaulted and also meritless. Dkt. #8-1.

On March 7, 2022, petitioner filed a copy of a Notice of Constitutional Challenge to Statute and Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, with a certificate of service upon New York State Attorney General Letitia

James. Dkt. #11. Setting aside the fact that petitioner cannot require another entity to intervene in his petition, the New York State Attorney General's Office is already appearing on behalf of the Respondent in this matter. To the extent that petitioner seeks to amend his petition to challenge the constitutionality of New York Penal Law § 265.03, petitioner must move to amend his petition pursuant to Rule 15 of the Federal Rules of Civil Procedure and, assuming that the one-year statute of limitations period for *habeas* petitions has expired, petitioner must also address whether his proposed amendment relates back to the original petition. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005).

On November 7, 2022, petitioner moved to hold his petition in abeyance because he has discovered issues that he needs to litigate in state court. Dkt. #13. To the extent that petitioner is referencing the ineffective assistance of counsel claims raised in his petition, petitioner is required to demonstrate: (1) "good cause" for his failure to exhaust his claims in state court before the commencement of his federal *habeas* petition; (2) that the unexhausted claims are "potentially meritorious" or at least not "plainly meritless;" and (3) that he has not engaged in "intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). To the extent that petitioner is referencing claims that are not included in the current *habeas* petition, petitioner will need to move to amend his *habeas* petition as set forth in the prior paragraph.

**SO ORDERED.**

DATED:   Buffalo, New York
         December 20, 2022

 *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**